IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ADRIANYON RILEY**                                                     **PLAINTIFF**

v.                **CIVIL ACTION NO.**  1:23cv302 HSO-BWR

**PENNYMAC LOAN SERVICE, LLC and
ALL PERSONS CLAIMING ANY LEGAL OR
EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR
INTEREST IN THE PROPERTY DESCRIBED IN THE
COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR
ANY CLOUD ON PLAINTIFF'S TITLE THERETO, and
DOES 1-100 INCLUSIVE**                              **DEFENDANTS**

## NOTICE OF REMOVAL

Defendant PennyMac Loan Service, LLC ("PennyMac")[1] files this Notice of Removal, removing this action from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. PennyMac states the following as grounds for removal:

### I. Background

1. On October 11, 2023, Plaintiff Adrianyon Riley ("Plaintiff") filed a Complaint in the Circuit Court of Harrison County, Mississippi, in Cause No. A2401-2023-184 (the "State Court Action"). A copy of Plaintiff's Complaint in the State Court Action is attached hereto as **Exhibit A**.[2]

2. In his Complaint, Plaintiff asserts various claims against PennyMac relating to a

---

[1] PennyMac was improperly identified in the Complaint as "PennyMac Loan Service, LLC." The entity's proper name is "PennyMac Loan Services, LLC."

[2] Plaintiff initiated the State Court Action on May 31, 2023 with a one-page document entitled "Complaint: Petition for a Verification of Debt." However, the operative Complaint was not filed until October 11, 2023.

mortgage loan for property located at 16227 Saddle Drive, Gulfport, Mississippi 39503 (the "Property"). Plaintiff asserts the following causes of action: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief; (8) violations of the federal Truth in Lending Act ("TILA"); (9) violations of the federal Real Estate Settlement and Procedures Act ("RESPA"); and (10) rescission. Compl. ¶¶ 20-104. Plaintiff contends that PennyMac has no right to foreclose. *Id.* ¶¶ 20-29. Plaintiff also asserts that he "is entitled to the exclusive possession of the property" and that PennyMac has "no estate, right, title, lien, or interest in or to" the Property. *Id.* at pp. 13-18.

3. Plaintiff requests unspecified compensatory damages, special damages, general damages, punitive damages, restitution, and attorney's fees. *Id.*

## II. Basis for Removal: Federal Question and Diversity Jurisdiction

4. Removal of the State Court Action to this Court is proper because the Complaint could have been originally filed in this Court under two different grants of original jurisdiction, both federal question jurisdiction and diversity jurisdiction.

5. Based on either ground, removal is proper under 28 U.S.C. § 1441.

**A.   Removal is proper based on federal question jurisdiction.**

6. First, the Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff seeks recovery for alleged violations of TILA (15 U.S.C. § 1601, et. seq.) and RESPA (12 U.S.C. § 2601, et. seq.).[3]

7. "The district courts [] have original jurisdiction of all civil actions arising under the

---

[3] As for Plaintiff's state law claims, the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). In order to determine whether a complaint "arises under" federal law, a court must examine the "well pleaded" allegations of the complaint. *Id*. A suit arises under the Constitution and laws of the United States when the plaintiff's statement of his own cause of action shows that it is based upon federal law or the Constitution. *Id*. "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

8. Here, Plaintiff expressly asserts claims under two federal statutes. Because Plaintiff's claims arise under the laws of the United States, the Court has federal question jurisdiction.

**B.     Removal is proper based on diversity jurisdiction.**

9. The Court also has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. *See Smallwood v. Ill. Cent. R. Co.*, 385 F. 3d 568, 572-73 (5th Cir. 2004).

10. Plaintiff is resident citizen of Mississippi. *See* Compl. ¶ 1.

11. PennyMac Loan Services, LLC is a Delaware limited liability company 100% owned by Private National Mortgage Acceptance Company, LLC ("PNMAC"). PNMAC is a Delaware limited liability company. PNMAC is approximately 32.5% owned by PNMAC Holdings, Inc. ("Holdings") and approximately 67.5% owned by PennyMac Financial Services, Inc. ("PFSI"). Holdings is 100% owned by PFSI. Holdings is a Delaware corporation with a principal place of business in California and PFSI is a publicly held Delaware corporation with a principal place of business in California. PennyMac is therefore diverse from Plaintiff.

12. Further, the amount in controversy exceeds $75,000.

13. When a complaint does not demand any specific amount of monetary damages, it may be removed if it is "facially apparent" that the plaintiff's claims "are likely above [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The test is "whether it is more likely than not that the amount of the claim will exceed [$75,000]." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 n.13 (5th Cir. 1998).

14. It is well established that when equitable or injunctive relief is sought "the amount in controversy is measured by the value of the object of the litigation," and "[t]he value of that right is measured by the losses that will follow." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). In other words, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 446 (5th Cir. 1971).

15. Here, the value of the Property itself is at issue because Plaintiff seeks declaratory relief that would quiet title and extinguish PennyMac's interest in the Property. The Property is valued at $139,499.00, as reflected in the Harrison County Landroll Information.[4]

16. Plaintiff also seeks an unspecified amount of compensatory damages. These damages also form part of the amount in controversy.

17. In addition, Plaintiff seeks an unspecified amount of punitive damages, which must

---

[4] The Harrison County Landroll Information is attached hereto as **Exhibit B**. Attached as **Exhibit C** is the Deed of Trust at issue, which reflects a loan in the original amount of $210,600.00. The Deed of Trust was assigned to PennyMac on July 25, 2023, as reflected in the assignment attached hereto as **Exhibit D**.

be considered as well. Indeed, courts have consistently held that "unspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold." *Nguyen v. Regions Bank*, No. 1:10-cv-253-HSO-JMR, 2010 WL 5071173, at *2 (S.D. Miss. Dec. 7, 2010) (citing *Conner v. First Family Fin. Services, Inc.*, No. 4:01CV242-P-B, 2002 WL 31056778, at *8 (N.D. Miss. Aug. 28, 2002)); *see also Cartwright v. State Farm Mut. Auto, Ins. Co.*, No. 4:14-cv-00057-GHD-JMV, 2015 WL 6080726, at *4 (N.D. Miss. Oct. 15, 2015); *Golden v. Family Dollar Stores of Miss., Inc.*, No. 1:21-cv-378-HSO-RHWR, 2022 WL 1046378, at *2 (S.D. Miss. Apr. 7, 2022).

18. Finally, Plaintiff also seeks attorney's fees. Attorneys' fees are part of the amount in controversy calculation as well. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-77 (5th Cir. 2003); *Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002).

19. Consequently, the amount in controversy exceeds $75,000.00.

### III.   Venue

20. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of Harrison County, Mississippi, the forum in which the removed action was pending.

### IV.   Additional Requirements

21. Plaintiff filed the Complaint on October 11, 2023. PennyMac was served with the summons, but not the Complaint, on October 19, 2023. Accordingly, this removal is timely filed under 28 U.S.C. § 1446(b).

22. PennyMac has attached a copy of the entire record in the State Court Action as required by 28 U.S.C. § 1446(a). *See* **Exhibit E**.

23. PennyMac will promptly provide written notice of the filing of this Notice of

Removal to Plaintiff and will promptly file a copy of the notice with the clerk of the Circuit Court of Harrison County, Mississippi, as required by 28 U.S.C. § 1446(d).

24.  If any question arises as to the propriety of the removal of this action, PennyMac respectfully requests the opportunity to present briefing and oral argument and to conduct jurisdictional discovery in support of its position that subject matter jurisdiction exists in this Court. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

25.  Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of PennyMac's ability to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter available under Rule 12 of the Mississippi or Federal Rules of Civil Procedure, and state or federal statute, common law or otherwise.

26.  Under 28 U.S.C. § 1446(d), no further proceedings shall be had in the Circuit Court of Harrison County, Mississippi.

Respectfully submitted, this the 31st day of October 2023.

/s/ Stevie F. Rushing
Stevie F. Rushing (MS Bar #105534)

ATTORNEY FOR DEFENDANT

OF COUNSEL:

Bradley Arant Boult Cummings, LLP
One Jackson Place
188 East Capitol Street, Suite 1000
P.O. Box 1789
Jackson, MS 392 15-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing via the Court's electronic filing system and have served a copy of the same via U.S. Mail, first-class postage prepaid, to the following:

    Adrianyon Riley
    16227 Saddle Drive
    Gulfport, Mississippi 39503

Submitted this 31st day of October 2023.

                                              */s/ Stevie F. Rushing*
                                              OF COUNSEL